UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IGNACIO MENDEZ BAUTISTA,

              Plaintiff,                     Case No. 2:25-cv-996-KCD-DNF

     v.

SECRETARY KRISTI NOEM, IN
HER OFFICIAL CAPACITY, *et al.*,

              Defendants.

_____/

## ORDER

Petitioner Ignacio Mendez Bautista has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] He claims that the Attorney General is holding him without a bond hearing in violation of the Immigration and Nationality Act ("INA"), and his continued detention contravenes the Fifth Amendment considering his established family ties, non-violent criminal history, and his eligibility for relief under the Violence Against Women Act. (*Id.* 11-14.) Defendants responded. (Doc. 12.) For the reasons below, the petition is **GRANTED IN PART AND DENIED IN PART**.

Bautista illegally entered the United States in 1994. (Doc. 1 ¶ 13.) He has "continuously resided in this country for more than thirty years." (*Id.*) Two

_____

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

months ago, ICE agents arrested Bautista and determined that he was in the United States illegally. (Doc. 12 at 3; Doc. 12-1.) After processing, he landed at Alligator Alcatraz in the Middle District of Florida. (Doc. 1 ¶ 2.)

ICE is holding Bautista under 8 U.S.C. § 1225. (*Id.* ¶ 27.) This matters because aliens detained through § 1225(b)(2) must remain in custody throughout their removal proceedings. *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("[Sections] 1225(b)(1) and (b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded."). He is now in removal proceedings and being held under a "Notice to Appear" that charges him with unlawfully entering the United States. (Doc. 12-1.)

The heart of this case is a question of statutory interpretation involving the interplay between 8 U.S.C. §§ 1225 and 1226. According to Bautista, the Attorney General is unlawfully holding him under § 1225(b)(2), which mandates his detention, instead of under § 1226(a)'s discretionary detention scheme, where he could be eligible for release. As a result, his continued detention without a bond hearing is unconstitutional. (Doc. 1 ¶ 41.)

As the Government concedes, the Court has already covered this ground and addressed the issues raised by Bautista. *See Hernandez-Lopez v. Hardin, et al.*, No. 2:25-CV-830-KCD-NPM, 2025 WL 3022245 (M.D. Fla. Oct. 29, 2025); *Garcia v. Noem*, No. 2:25-CV-00879-SPC-NPM, 2025 WL 3041895, at *6 (M.D. Fla. Oct. 31, 2025). There, the Court was satisfied of its jurisdiction and found

that petitioners were being held in violation of their rights under the INA, entitling them to habeas relief. The same result applies here. It is undisputed that Bautista has been in the United States since at least 1994. His detention is thus governed by § 1226. And as a noncitizen detained under § 1226, Bautista is entitled to a bond hearing. *See Jennings*, 583 U.S. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.").

Bautista seeks a writ of habeas corpus "ordering [his] immediate release from immigration custody." (Doc. 1 at 14.) But that is not something the Court can do. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Bautista is an alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate release. *See, e.g.*, *Lopez-Arevelo*, No. EP-25-CV-337-KC, 2025 WL 2691828, at *12 (W.D. Tex. Sept. 22, 2025). Consistent with the "comfortable majority position," the Court will instead require Respondents to provide Bautista with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

One last issue. Bautista's petition also challenges his detention under the Fifth Amendment. This claim is not addressed "given that the Court [is granting] the relief [Bautista is entitled to] based on its interpretation of the

applicability of § 1226(a)." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025). If Respondents do not provide Bautista with a bond hearing as ordered or if he remains detained, he can renew his Fifth Amendment claim in a subsequent complaint.

For the reasons given, Bautista's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART**. The Court orders Respondents to provide Bautista with the statutory process required under § 1226, which includes a bond hearing. All other relief is **DENIED**. The Clerk is directed to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on November 19, 2025.

Kyle C. Dudek
United States District Judge